IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:24-CR-00063-JDK |
| v. | § |
| | § |
| | § |
| JUAN PULIDO JR, | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On October 21, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Juan Pulido Jr. The government was represented Ryan Locker, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Conspiracy to Possess with Intent to Distribute 10.16 Kilograms of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of IV, was 235 to 293 months. On May 29, 2012, U.S. District Judge Nelva Gonzales Ramos of the Southern District of Texas sentenced Defendant to 180 months imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include drug/alcohol treatment and mental health treatment. On February 7, 2024, Defendant completed his period of imprisonment and began service of the supervision term. Jurisdiction of this case was transferred to this district on June 21, 2024.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release on April 18, 2024 and April 19, 2024 when he admitted to smoking marijuana, on July 2, 2024 and August 1, 2024 when he submitted urine samples that tested positive for methamphetamine, and on August 3, 2024 when he admitted to purchasing and using and methamphetamine, a controlled substance. The government further alleges that Defendant submitted urine specimens that tested positive for cocaine on September 16 and 26, 2024. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense and therefore a Grade B violation.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine and cocaine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court a sentence of 12 months and 1 day imprisonment with 2 years supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be sentenced to 12 months and 1 day imprisonment with 2 years supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Butner, North

Carolina, if available, and that Defendant receive drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of October, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE