**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:24-CR-00063-JDK-1** |
| **v.** | § | |
| | § | |
| | § | |
| **JUAN PULIDO, JR.,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On April 6, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Juan Pulido, Jr. The government was represented by Emil Mikkelsen, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with Intent to Distribute 10.16 Kilograms of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of 10 years to life. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of IV, was 235 to 293 months. On May 29, 2012, U.S. District Judge Nelva Gonzales Ramos of the Southern District of Texas sentenced Defendant to 180 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug and alcohol treatment and mental health treatment. The court sentenced Defendant below the advisory guideline range due to the history and characteristics of Defendant, Defendant's cooperation with the government, and the nature of Defendant's criminal history involved pursuant to 18 U.S.C. § 3553(a)(1). On February

1

7, 2024, Defendant completed his period of imprisonment and began service of the supervision term in the Southern District of Texas.

On June 21, 2024, jurisdiction over Defendant's case was transferred to the Eastern District of Texas, Tyler Division, and on July 1, 2024, Defendant's case was assigned to U.S. District Judge Jeremy D. Kernodle. On October 23, 2024, Defendant's initial term of supervision was revoked, and he was sentenced to 12 months and 1 day of imprisonment, followed by a 2-year term of supervised release subject to the standard conditions of release and all previously ordered conditions of release, plus special conditions to include financial disclosure and 180 days of community confinement at the Residential Reentry Center. On August 15, 2025, Defendant completed his period of imprisonment and began service of the new supervision term in the Eastern District of Texas, Tyler Division. On August 20, 2025, Defendant's conditions of supervision were modified to include a condition requiring that he take all mental health medications as prescribed by his treating physician.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about October 18, 2025; November 1, 2025; November 15, 2025; November 23, 2025; January 24, 2026; March 14, 2026; and March 21, 2026 when Defendant admitted to using methamphetamine. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, as evidenced by Defendant's admissions to using methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7C1.1(a). Upon a finding of a

Grade B violation, the court may revoke supervised release. U.S.S.G. § 7C1.3(b). Considering Defendant's criminal history category of IV, the guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7C1.5.

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using a controlled substance, asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 15 months with no period of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that he be imprisoned for 15 months with no period of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FCI Lewisburg, PA, if available, and that he receive drug treatment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 7th day of April, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3